```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARK ACOSTA,                        :
                                    :
                Plaintiff,          :   05 Civ. 8254 (KTD)
                                    :   MEMORANDUM & ORDER
      -against-                     :
                                    :
BARRY M. FALLICK & ROCHMAN, PLATZER,:
FALLICK & STERNHEIM, LLP            :
                                    :
                Defendants.         :
                                    :
------------------------------------X
```

KEVIN THOMAS DUFFY, U.S.D.J.:

Pro se plaintiff Mark Acosta brings suit in forma pauperis against his former lawyer, Barry M. Fallick, and his former lawyer's firm, Rochman, Platzer, Fallick & Sternheim, LLP (collectively, "Defendants"). Acosta seeks the return of legal fees paid to Defendants plus other incidental costs arising out of Defendants' representation of him in a criminal matter, United States v. Acosta, Docket No. 00 Cr. 0264, previously before me. Defendants filed a motion to dismiss with prejudice under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the following reasons, I DISMISS Acosta's complaint on alternative grounds.

I. **Background**

On August 3, 2000, Acosta pleaded guilty to using a communication facility to commit a narcotics offense in violation of 21 U.S.C. § 843(b). Prior to accepting the plea, I

followed the mandates of Rule 11 of the Federal Rules of Criminal Procedure and satisfied myself of both the guilt of the defendant and that the plea was being made voluntarily by a person who knew exactly what his rights were and knew exactly what he was doing. Indeed I remember thinking about the arguments that must have been raised by defense counsel in bargaining with the government, and I still marvel at the wonderful result defense counsel obtained for his client. The government had originally charged Acosta with dealing in narcotics—a charge reduced by the bargain to use of a "communication facility" in connection with drug dealing. I knew that Acosta, as a police officer, would face a tough time in prison, but believed that he was not exempt from jail time. On January 9, 2001, I sentenced him to forty-eight months' imprisonment, two years' supervised release, and charged the mandatory $100 special assessment.

In his complaint, Acosta alleges that Defendants failed to provide adequate legal services during Acosta's criminal trial. Specifically, he alleges, among other things, that the fee agreement for $35,000 was based on an understanding that the case would involve a trial to verdict rather than a guilty plea and that the Defendants failed to discover key evidence and make all necessary motions. Acosta contends that his claims arise

under 41 U.S.C. § 37 and 27 U.S.C. § 1927.

## II. Standard of Review

Having been granted in forma pauperis status under 28 U.S.C. § 1915(a), Acosta's complaint is subject to the provisions of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 801-810, 110 Stat. 1321 (1996) (codified as amended in various titles and sections of the U.S.C.). By its terms, a court shall dismiss a case at any time if the court determines that it "is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).

An action is "frivolous" when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory. Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted). "[W]hen an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all of the requisite details.'" Id. Rather, a "claim is based on an 'indisputably meritless legal theory' when . . . the claim lacks an arguable basis in law . . . ." Id. (citations omitted). Dismissal of a frivolous complaint filed in forma

pauperis is mandatory.  28 U.S.C. § 1915(e)(2).

### III. Discussion

Plaintiff alleges violations of 41 U.S.C. § 37 and 28 U.S.C. § 1927, but neither of these statutes provide a legal basis for his claims.  First, 41 U.S.C. § 37 authorizes the Comptroller General of the United States to distribute to certain government agencies lists of persons who have breached public contracts.  See 41 U.S.C. § 37.  The fee agreement in this case is not a public contract, so it is not covered under the statute.  Further, the statute does not authorize a private right of action or money damages at all.

Second, 28 U.S.C. § 1927 provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  In this case, Plaintiff alleges facts opposite to the evil that the statute seeks to prevent—unreasonable and vexatious expansion of litigation.  See id.  Plaintiff alleges that his attorney minimized his criminal proceedings allegedly in violation of the fee agreement by failing to file several motions and inducing Plaintiff to sign a plea agreement.

It is true that when a plaintiff proceeds pro se, I must

construe his complaint broadly. See Livingston, 141 F.3d at 437. However, Plaintiff's complaint in this case, broadly construed, alleges only facts most closely resembling state law breach of contract and legal malpractice claims over which this Court does not have subject matter jurisdiction. As Defendants point out, complete diversity is lacking and Plaintiff does not claim more than $75,000 in damages, so 28 U.S.C. § 1332(a) cannot provide a basis for jurisdiction. Therefore, as Acosta's complaint lacks any basis in law and is consequently frivolous under 28 U.S.C. 1915(e)(2)(B)(i), I must dismiss it.

Accordingly, Plaintiff's claims are DISMISSED. No in forma pauperis relief will be granted should the defendant seek to appeal because clearly this case is frivolous.

SO ORDERED.

Dated:   New York, N.Y.
         ~~July~~ Aug 11, 2009

KEVIN THOMAS DUFFY, U.S.D.J.